**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Dacotah Chapter of Sierra Club, and Dakota Resource Council, ) ) ) | |
| Plaintiffs, ) ) | **ORDER GRANTING MOTION TO INTERVENE** |
| vs. ) ) | |
| Secretary of the Interior Ken Salazar, in his official capacity, ) ) ) | Case No. 1:12-cv-065 |
| Defendant. ) | |

      Before the court is a Motion to Intervene filed by the North Dakota Public Service Commission ("NDPSC") on July 30, 2012. For the reasons set forth below, the motion is granted.

**I.    BACKGROUND**

      On May 30, 2012, plaintiffs initiated what is styled as a citizens' suit under the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. §§ 1201-1328. They assert that the NDPSC has a conflict of interest it when comes to enforcement of SMCRA in North Dakota because two of its Commissioners have accepted campaign contributions directly and indirectly from entities it regulates. They seek an order compelling the United States Secretary of the Interior to withdraw approval of North Dakota's federally approved program for exclusive regulation of all surface coal mining activities on all non-federal and non-tribal lands in North Dakota.

      On July 30, 2012 the NDPSC filed a Motion to Intervene, averring that it has several cognizable interests directly relating to the subject matter of this action, that SMCRA affords its an explicit and unconditional right to intervene in this action, and that it is otherwise entitled to permissive intervention.

1

On July 31, 2012, plaintiffs filed a response to the NDPSC's motion. They do not oppose the NDPSC's intervention but reserve the right to contest whether the intervention should be permissive as opposed to a matter of right. They further request that the court condition the NDPSC's participation in this action as follows:

> (a) The [NDPSC] shall meet and confer with counsel for Defendant prior to the filing any motion, responsive filing, or brief, to determine whether their positions may be set forth in a consolidated fashion – separate filings by the [NDPSC] shall include a certificate of compliance with this requirement and briefly describe the need for separate filings;
>
> (b) The [NDPSC] shall confine its arguments to the existing claims in this action and shall not interject new claims or stray into collateral issues;
>
> (c) Memoranda of points and authorities filed by the [NDPSC] in support of or in opposition to any motion in this action shall not, without further leave of the Court and good cause shown, exceed twenty-five (25) pages, and reply memoranda shall not exceed ten (10) pages; and
>
> (d) In the event that a motion for summary judgment is filed in this action, the [NDPSC] shall file a joint statement of facts together with the Defendant with references to the administrative record consistent with D.N.D. Civ. L.R. 7.1(A)(2) – to the extent the [NDPSC] and Defendant cannot agree on the inclusion of particular facts in their joint statement, they may identify such additional facts in bullet-point format in their respective memoranda of points and authorities.

(Docket No. 9).

On August 6, 2012, the Secretary filed a Notice of Opposition to Plaintiffs' Response to Motion to Intervene. He takes no position on the NDPSC's motion. He does, however, object to plaintiffs' response to the motion and opposes any requirement that he and the NDPSC consolidate their briefing and file a joint statement of facts.

On August 7, 2012, the NDPSC filed a reply in support of its motion. It reiterates its position that it is entitled to intervene as a matter of right. It also expresses a willingness to confer with defendant in an effort to avoid duplicative argument. However, it is adamantly opposed to the

imposition of any conditions or restrictions on its participation as requested by plaintiffs.

## II.    DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure provides that the court *must* permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). It further provides that the court *may* permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

SMCRA bestows upon the NDPSC an unconditional right to intervene in this action. See 30 U.S.C. § 1270(c)(2) ("In such action under this section [30 U.S.C. § 1270], the Secretary, or the State regulatory authority, if not a party, may intervene as a matter of right."). The court is therefore obligated by Rule 24(a)(1) to permit the NDPSC's intervention.

The only questions remaining are whether the court can condition or restrict the NDPSC's intervention and whether the conditions proposed by plaintiffs are reasonable and necessary. Rule 24(a) of the Federal Rules of Civil Procedure itself does not mention conditions or restrictions. However, the Advisory Committee Note to the 1966 Amendment of Rule 24(a), states: "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Notably, the Advisory Committee did not cite any authority for this statement. "Nevertheless several courts have shown a willingness to accept the Note at face value and to allow the imposition

of conditions on an intervenor of right." 7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1922 at 630 (3d ed. 2007); see e.g., United States v. Duke Energy Corp., 171 F. Supp.2d 560, 565 (M.D.N.C. 2001) (citing Justice Brennan's concurring opinion in Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 383 (1987), for the proposition that Applicants' unconditional right to intervene "does not prevent the imposition of reasonable limitations on Applicants participation to ensure the efficient adjudication of the litigation."); Beauregard, Inc. v. Sword Services L.L.C., 107 F.3d. 351, 352-53 (5th Cir. 1997) ("Although not without some controversy, it is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right.").

While the court arguably has the authority to impose conditions or restrictions on the NDPSC's participation in this action, it is not inclined to do so. The court is not persuaded that a joint filing requirement is necessary or appropriate under the circumstances. The Secretary and the NDPSC have unique interests. Moreover, as both the Secretary and the NDPSC have pointed out, neither the Justice Department nor the North Dakota Attorney General's Office is in the practice of circulating drafts of their work with outside parties.

The court is also of the opinion that the imposition of preemptive restriction on the NDPSC's ability to present issues for the court's consideration amounts to nothing more than an academic exercise given the posture of this case. At this point the court can only speculate as to what issues the parties may raise. The court is also mindful that there is a propensity for disagreement amongst the parties over whether an issue is collateral or otherwise beyond the scope of these proceedings.

With respect to page limitations for supportive and responsive briefs, plaintiffs have not provided the court with any compelling reasons for deviating from those set forth in the local rules

and imposing additional restrictions on the NDPSC. Rather, their proposed restrictions appear both arbitrary and unnecessarily punitive. If at some point plaintiffs believe they cannot adequately address issues raised by either the Secretary or the NDPSC within the parameters established by the local rules, then they may request an expansion of the page limitations.

## III.   CONCLUSION

The court **GRANTS** the NDPSC's Motion to Intervene. (Docket No. 7). The NDPSC shall have until September 7, 2012, to file an answer or other responsive pleading to plaintiff's complaint. The court **DENIES** plaintiffs' request to condition or otherwise restrict the NDPSC's participation in this action.

**IT IS SO ORDERED.**

Dated this 27th day of August, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge